UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID CUTSINGER,

                Plaintiff,                Case No. 15-cv-10746

v

                                          Honorable Thomas L. Ludington

STEVEN HUMPHREY et al.,

                Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT, DENYING MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, GRANTING BOTH PARTIES LEAVE TO FILE AN ADDITIONAL MOTION FOR SUMMARY JUDGMENT WITH AN EXTENDED PAGE LIMIT, REOPENING DISCOVERY, AND EXTENDING THE SCHEDULING ORDER**

On March 1, 2015, Plaintiff David Cutsinger filed his complaint against Defendant police officers Steven Humphrey and Jennifer Tilson. ECF No. 1. Plaintiff alleges that Officers Humphrey and Tilson entered the curtilage of his home and his home, used excessive force, and seized Plaintiff in violation of the 4th Amendment. *Id*. Plaintiff also alleges counts of assault and battery and failure to intervene. *Id*.

Discovery closed on September 8, 2015. *See* ECF No. 12. During discovery, Plaintiff contends he learned that neither Defendant had received sufficient Fourth Amendment training. ECF No. 15. On September 9, 2015, Plaintiff moved for leave to file an amended complaint, seeking to add a 42 U.S.C.A. § 1983 claim against Clare County and the Clare County Sherriff, John Wilson, for failing to adequately train Humphrey and Tilson pursuant to *Monell v. Department of Social Services of New York,* 436 U.S. 658 (1978). Defendants argue that Plaintiff's motion to amend should be denied as both untimely and futile. ECF No. 17. Because

the proposed amendment is neither untimely nor futile, Plaintiff's motion to amend will be granted.

## I.

Plaintiff David Cutsinger resides in the state of Michigan. Proposed Defendant County of Clare is a municipality within the State of Michigan. Proposed Defendant John Wilson is the elected sheriff of Clare County. Defendants Steven Humphrey and Jennifer Tilson are deputy sheriffs for the Clare County Sheriff, John Wilson, in the County of Clare.

The factual allegations alleged by Plaintiff are presumed true for purposes of evaluating whether to grant the motion to amend. Plaintiff alleges that in the early morning of November 9, 2014, Defendants Humphrey and Tilson entered the curtilage of Plaintiff's home and the home in violation of the Fourth Amendment. Plaintiff also alleges that in entering his home, Defendant Humphrey used excessive force in pepper spraying Plaintiff in the face, and that Defendant Tilson failed to intervene to protect Plaintiff against the excessive force.

The day after the close of discovery, Plaintiff filed his motion for leave to file a first amended complaint. ECF No. 15. Plaintiff seeks to add a *Monell* claim against Clare County and John Wilson in his official capacity as Clare County Sherriff under 42 U.S.C.A. § 1983. Specifically, Plaintiff alleges that Clare County and John Wilson's inadequate training of their their deputy sheriffs constituted a policy that resulted in the alleged injuries to Plaintiff in violation of the Fourth Amendment. *Id*. at ¶¶ 107-18.

## II.

Under Federal Rule of Civil Procedure 20, persons may be joined as defendants in an action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Joinder is encouraged because it avoids multiple lawsuits involving similar or identical issues." *Pasha v. Jones*, 82 F.3d 418 (6th Cir. 1996) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974)). Rule 20 is permissive, not mandatory, and so allowing a party to amend its complaint in order to add a party under Rule 20 is a matter for this Court's discretion.

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations and quotations omitted). Factors that courts should consider when determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…." *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 591 (6th Cir. 1990).

**A**.

Defendants first argue that Plaintiff's motion for leave to amend should be denied because it is untimely. The Sixth Circuit has held that to deny a motion to amend as untimely, a court must also find "at least some significant showing of prejudice to the opponent." *Moore*, 790 F.2d at 562. "[D]elay alone, regardless of its length is not enough to bar [amendment] if the

- 3 -

other party is not prejudiced." *Ziegler v. Aukerman*, 512 F.3d 777 at 786 (6th Cir. 2008) (citing *Moore*, 790 F.2d at 560, 562).

"Prejudice" in the context of Rule 15 means more than the inconvenience of having to defend against a claim. See, e.g., *Monahan v. N.Y.C. Dept. of Corr.,* 214 F.3d 275, 284 (2d Cir. 2000). It requires something more substantial. Cases have held that, in some situations, the close of discovery is sufficient to warrant a finding of prejudice to the opponent. *See R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 441 (6th Cir. 2005) (holding that the district court did not abuse its discretion in denying the plaintiff's motion to amend its complaint to add new parties where the case had been pending for almost two years and discovery had closed); *Duggins v. Steak 'N Shake, Inc.*195 F.3d 828, 834 (6th Cir. 1999) (affirming the district court's denial of plaintiff's motion to amend where discovery had closed, a motion for summary judgment had been filed, and the plaintiff had been aware of the basis for the new claim since filing the complaint); *Coates v. Jurado*, 2015 WL 1510400 at *2 (E.D.Mich. 2015) (stating that allowing the plaintiff to add a new defendant and a new claim would be unduly prejudicial where he had been aware of the basis of his proposed claims for over seven months and discovery had been closed for a month). In other cases, the close of discovery has not been in itself enough to demonstrate prejudice. *See Moore*, 790 F.2d 557 (holding that granting leave to amend after the close of discovery was not prejudicial where the plaintiff sought only to substitute an erroneous claim under 1983 for a claim under 1985 and rejection of the amendment would preclude the plaintiff's opportunity to be heard on the merits).

The present case was filed on March 1, 2015, less than eight months ago. To date, there have been no delays or extensions. Plaintiff claims that he did not discover facts in support of the alleged *Monell* claim until taking the depositions of Defendants on July 16, 2015. ECF No.

12 at 2. During those depositions, both Defendants allegedly testified as to their lack of Fourth Amendment training. *Id.* Plaintiff filed the current motion to amend less than two months after the depositions, and only a day after the close of discovery. Plaintiff's motion to amend is thus timely, and Defendants have not shown that they will be unduly prejudiced by allowing Plaintiff to amend his complaint.

### B.

Defendant also argues that Plaintiff's proposed amendment is futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (internal citation and quotation marks omitted).

### i.

A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert*, 517 F.3d at 439. The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 570).

### ii.

Plaintiff seeks to add a claim against Clare County and John Wilson in his official capacity as Clare County Sherriff under the principles set forth in *Monell v. Department of Social Services of New York,* 436 U.S. 658 (1978). In *Monell*, the Supreme Court held that municipalities are "persons" subject to suit under 42 U.S.C.A. § 1983. *Monnell*, 436 U.S. at 700-01. Such a claim may only be brought when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted).

Accordingly, to succeed on a *Monell* claim, a plaintiff first must allege that the municipality itself caused a constitutional tort. *Monell*, 436 U.S. 658 at 691. A municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.*

Second, a Plaintiff must show that the alleged conduct qualifies as a policy. *Monnell* municipal liability may attach where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. *Monell* liability may also attach where a plaintiff alleges "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91. A plaintiff must claim that "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials

responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Third, a plaintiff must show causation. In other words, a plaintiff must connect the municipality's policy to the particular injury alleged.

The Supreme Court has specifically held that a city can be liable under § 1983 for inadequate training of its employees. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). As a matter of law, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – can a city be liable for such a failure under § 1983." *Id*. at 388-89. The Court further instructed that liability may arise in cases where "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id*. at 390.

The Sixth Circuit has instructed that a plaintiff must prove three distinct facts to proceed on a § 1983 claim based on inadequate training: (1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the city's deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury. *See Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013)

### iii.

Plaintiff alleges that Clare County and John Wilson had a duty to adequately train deputy sheriffs "so as to avoid a policy, custom, or practice of violating the rights of citizens." *Id*. at ¶¶ 66-67. Plaintiff argues that Clare County and Wilson breached this duty by failing to adequately train Defendants Tilson and Humphrey regarding the Fourth Amendment. *Id*. at ¶¶ 70-71.

Specifically, Plaintiff alleges that Deputy Tilson had not received Fourth Amendment training since 1999 and Deputy Humphrey had not received Fourth Amendment training since his days in the police academy. *Id.* at ¶¶ 67-71. Plaintiff further claims that proposed Defendants Clare County and Sheriff Wilson knew or should have known of the widespread failure to train, and the likelihood that such failure would result in Fourth Amendment violations. *Id.* at ¶¶ 115-16. It is also alleged that this failure to train constitutes a policy under *Monell*, and that the policy amounted to deliberate indifference or deliberate misconduct causing Plaintiff's injuries. *Id.* at ¶¶ 110, 113. These allegations are sufficient to survive a motion to dismiss, and therefore the proposed amendment would not be futile. For these reasons, Plaintiff's motion to amend will be granted.

### III.

It is therefore **ORDERED** that Plaintiff's motion for Leave to File First Amended Complaint, ECF No. 15, is **GRANTED**.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file his first amended complaint on or before **November 9, 2015**.

It is further **ORDERED** that the parties' pending motions for summary judgment, ECF Nos. 18, 19, will be **DENIED without prejudice**.

It is further **ORDERED** that Defendants' motion for leave to file exhibits in the traditional manner, ECF No. 26, is **DENIED as moot**.

It is further **ORDERED** that the parties are **GRANTED LEAVE** to file one additional motion for summary judgment each.

It is further **ORDERED** that the page limit on the parties' subsequent motions for summary judgment is **EXTENDED** to 35 pages.

It is further **ORDERED** that discovery will be **REOPENED** for the limited purpose of addressing Plaintiff's newly added complaint.

It is further **ORDERED** that the scheduling order is accordingly **EXTENDED** as follows:

| | |
|---|---|
| Plaintiff's Expert Disclosures: | **December 4, 2015** |
| Defendant's Expert Disclosures: | **January 5, 2016** |
| Pretrial Disclosures: | **April 29, 2016** |
| Second Settlement Conference: | **January 28, 2016 at 2:00 PM** |
| Limited Discovery Cutoff: | **February 5, 2016** |
| Motions Challenging Experts Deadline: | **February 19, 2016** |
| Dispositive Motion Deadline: | **March 7, 2016** |
| Motions in Limine Deadline: | **May 18, 2016** |
| Stipulation for Case Evaluation due: | **January 6, 2016** |
| Pretrial Order & Jury Instructions Due: | **June 7, 2016** |
| Final Pretrial Conference: | **June 14, 2016 at 3:00 PM** |
| Jury Trial: | **June 28, 2016 at 8:30 AM** |

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 5, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 5, 2015.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager